Joseph F. CAVANAGH, Administrator of the Estate of Catherine F. Cavanagh, Plaintiff,

v.

CONTINENTAL CASUALTY COMPANY, Defendant.

No. 61 C 235(3).

United States District Court
E. D. Missouri, E. D.

March 29, 1963.

Armstrong, Teasdale, Roos, Kramer & Vaughn, St. Louis, Mo. (John E. Herlihy, Walpole, Mass.), for plaintiff.

Ralph Lake, Lee M. Carter, Clayton, Mo., for defendant.

REGAN, District Judge.

This is an action based on an insurance contract seeking recovery of $20,000.00 and damages for vexatious delay and refusal to pay. Jurisdiction is based on diversity of citizenship and an amount in controversy exceeding $10,000.00, exclusive of interest and costs.

The contract of insurance was issued by Continental Casualty Company to The Catholic Hospital Association of the United States and Canada, a Missouri corporation. Under the terms of the contract and the stipulations of the parties, plaintiff's decedent was an insured person and plaintiff is a proper beneficiary of any sums due because of the death of Catherine F. Cavanagh. The parties agree and the court finds that Catherine F. Cavanagh was, at the time of her death on January 18, 1960, a member of the Council of Nursing Education and a "Council Member", as that term is used in the policy, and that she was a Daughter of Charity of St. Vincent DePaul and a "Sister" as that term is used in the policy. It was also stipulated by the parties and the court finds that Catherine F. Cavanagh was killed

in an airplane crash while returning from a meeting of said Council.

The policy coverage provisions are as follows:

All priests, sisters, brothers, officers, board members, episcopal chairmen, council members, committee members, employees and regularly listed consultants of the holder are insured hereunder.

For the purposes of this policy, insured persons are divided into two classes:

Class I: Insured persons are all priests, sisters and brothers of the holder.

Class II: Insured persons are all other officers, board members, episcopal chairmen, council members, committee members, employees and regularly listed consultants of the holder not included in Class I.

Under the terms of the policy, the Class I benefits in the event of death are $10,000.00, and under Class II the benefits in the event of death are $20,000.00.

Plaintiff made a claim for payment of $20,000.00 under the policy, which claim was rejected by the defendant. Defendant tendered $10,000.00, and after the commencement of this action deposited that amount with the clerk of the court. The sole contract issue is whether the deceased is an insured person under Class I or Class II. There is no dispute that the contract is a Missouri contract, subject to interpretation under Missouri laws.

Both parties contend that the relevant words in the contract are unambiguous and clearly state coverage in support of their respective contentions. Defendant, nevertheless, offered testimony at trial to show intention of the parties to the contract. The court allowed the evidence, the matter being before the court without a jury, reserving ruling on its admissibility.

■ The courts of Missouri have strictly adhered to the rule that there is no room for construction of a contract unless an ambiguity exists. Unequivocal language in written contracts must be given its plain meaning. State ex rel. Prudential Insurance Company of America v. Bland, 353 Mo. 956, 185 S.W.2d 654; Community Federal Savings and Loan Association v. General Casualty Co., 274 F.2d 620. (8th Cir., 1960); Mickelberry's Food Products Co. v. Haeussermann, Mo., 247 S.W.2d 731.

■ The contract coverage provisions involved in this case are not ambiguous. The objection of plaintiff to extrinsic evidence of the intentions of the parties in executing the contract of insurance is therefore sustained. The court has not considered such evidence in reaching its conclusions.

■ While the list of insureds mixes clerical descriptions with administrative functionaries, the words unequivocably make a division into two classes of insured persons. Class I includes *all* priests, sisters, and brothers; Class II includes, not "all other positions", but "all other officers, all other * * * board members, all other * * * episcopal chairmen, all other * * * council members", etc. Unless the word "other" acts to exclude those already included in Class I it has no meaning. In addition, the phraseology "not included in Class I" is consistent with that interpretation. Plaintiff asserts that "of the holder not included in Class I" modifies only the last group—regularly listed consultants. Such an interpretation finds an ambiguity where none exists. The words "of the holder" are used three times in the coverage provision set out above and each time is consistently used to modify the entire list. The words "not included in Class I" are placed without distinction in sentence construction from the words "of the holder" and thus, clearly modify each of the categories.

It is true, as pointed out by plaintiff, that the sentence construction presents an ambiguity concerning episcopal chairmen since an episcopal chairman is a bishop, and therefore, necessarily a

731

priest. Reasonable speculation might conclude that an exception was intended for that office, and greater coverage intended. The court here, however, is not concerned with latent ambiguities which might arise.

Decedent in this case is a "sister" within Class I. The Class II provision excludes, unambiguously, persons falling within the description of Class I. Plaintiff is therefore entitled only to the proceeds provided for coverage under Class I of $10,000.00.

Plaintiff's claim for damages for vexatious delay and refusal to pay depends upon the successful recovery of proceeds under Class II. Plaintiff cannot contend vexatious delay concerning the payment of $10,000.00 under Class I as defendant always stood ready and willing to pay that amount.

Plaintiff prays for interest on the proceeds of the policy from the date of decedent's death. The record shows, however, that the parties stipulated a tender was made by defendant in the amount of $10,000.00 on October 26, 1960.

An unconditional tender in the amount of the judgment will stop the running of interest. Lewis Food Company of California, a corporation, v. Milwaukee Insurance Company, 257 F.2d 525. Furthermore, under Missouri law, a tender of the proceeds of an insurance policy within a reasonable time precludes a demand for interest. Conigliaro v. Societa Operaia Di Mutuo Soccorso, San Guiseppe, Mo.App., 157 S.W.2d 237.

In this case, the records indicate that defendant sought to satisfy a claim on the policy as soon as it was made by issuing a draft payable to the heirs and the religious order of which decedent was a member. On July 18, 1960, defendant was notified that an Administrator would be appointed to probate the estate of the decedent and received notification of the appointment and demand for the payment of $10,000.00 on September 27, 1960. By letter of October 21, 1960, the attorney for the estate suggested that the decedent was within the "Class II insured" provision, and that the estate was entitled to $20,000.00.

The October 26, 1960, tender was made less than a month after the notice of the appointment of the Administrator and demand for payment. After the filing of this action, defendant made timely deposit of the tendered amount with the clerk of the court. Under the circumstances and in the light of the correspondence between the parties, the tender of payment was timely. Therefore, no interest accrued.

This Amended Memorandum Opinion is adopted by the court as its Findings of Fact and Conclusions of Law, and is in all respects consistent with the judgment entered December 17, 1962, which judgment remains in full force and effect.